UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA BURCIAGA, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> AAJP 2, INC., <br><br> Defendant(s). | CASE NO. C23-0981-KKE <br><br> ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE |

This matter comes before the Court on Plaintiffs' motion for default judgment. Dkt. No. 17. The Court has considered the motion and the balance of the record, and denies it without prejudice for the following reasons.

## I. BACKGROUND

Plaintiffs Jessica Burciaga, Cielo Jean Gibson, Claudia Sampedro, and Paola Cañas, who are celebrities and/or professional models, filed this action in June 2023, alleging that Defendant AAJP 2, Inc., misappropriated and altered their images and likenesses to promote its nightclub, El Parral. Dkt. No. 1 ¶ 1.

The docket reflects that a process server delivered a copy of the summons and complaint in this case to a person named Augustine Contreras on August 25, 2023. Dkt. No. 10. Defendant never thereafter appeared in this action, and Plaintiffs moved for entry of default. Dkt. No. 13. The clerk entered default (Dkt. No. 16), and Plaintiffs' motion for default judgment is now ripe.

## II. ANALYSIS

When considering a motion for default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure 4]." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Plaintiffs contend that they properly served Defendant because, as a corporation, Defendant could be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Even if a person is not officially designated in any of those roles, service can be made "upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists*, 840 F.2d at 688 (cleaned up).

In this case, there is no evidence in the record to indicate that Mr. Contreras is an officer, managing or general agent, or otherwise authorized by appointment or law to receive service of process for Defendant, nor is there any information about his authority to confirm his degree of integration within Defendant's business. As detailed in Plaintiffs' motion for entry of default, a different person is listed as the agent registered to receive service of process on behalf of Defendant, but Plaintiffs could not locate that individual. *See* Dkt. No. 13 at 2. The process server indicated that Mr. Contreras identified himself as "the person in charge" at El Parral on the night that service was attempted (Dkt. No. 10), but there is no information to indicate Mr. Contreras's job title, authority, or other connection to Defendant, from which the Court can conclude that he

knew what to do with the papers he accepted. On this scant record, the Court cannot find that Plaintiffs properly effectuated service on Defendant under Rule 4(h)(1)(B).

Because the Court finds that there was insufficient service of process, the Court finds good cause to set aside the entry of default against Defendant. *See Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009). And because entry of default is a prerequisite to a default judgment, Plaintiffs' motion for default judgment must be denied as well. *See* Fed. R. Civ. P. 55(b).

### III.   CONCLUSION

For these reasons, the Court VACATES the entry of default (Dkt. No. 16) and DENIES Plaintiffs' motion for default judgment (Dkt. No. 17) without prejudice. Plaintiffs shall serve Defendant in accordance with this order no later than February 16, 2024.

Dated this 16th day of January, 2024.

Kymberly K. Evanson
United States District Judge