UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA BURCIAGA, et al.,<br><br>               Plaintiff(s),<br>  v.<br><br>AAJP 2, INC.,<br><br>               Defendant(s). | CASE NO. C23-0981-KKE<br><br>ORDER DENYING PLAINTIFFS' AMENDED MOTION FOR DEFAULT JUDGMENT |

      Plaintiffs filed this action on June 30, 2023, and attempted service on August 25, 2023. Dkt. Nos. 1, 10. The Clerk entered default on December 19, 2023. Dkt. No. 16. Plaintiffs then moved for default judgment (Dkt. No. 17), which the Court denied without prejudice due to insufficient service of process. Dkt. No. 18. In this order, the Court also vacated the entry of default. *Id.* at 3.

      Plaintiffs properly served Defendant with the complaint on February 15, 2024, but took no further action for several months. Dkt. No. 21. After the Court ordered Plaintiffs to show cause as to why this matter should not be dismissed for failure to prosecute (Dkt. No. 22), Plaintiffs renewed their motion for default judgment. Dkt. No. 24. However, Plaintiffs have not moved to reinstate the previous entry of default. *Id.*

      "Obtaining a default judgment is a two-step process[,]" which begins with the clerk's entry of default. *Oatway v. Experian Info. Sols., Inc.*, No. 2:24-cv-00523-LK, 2024 WL 4871381, at *2

ORDER DENYING PLAINTIFFS' AMENDED MOTION FOR DEFAULT JUDGMENT - 1

(W.D. Wash. Nov. 22, 2024) (citing Fed. R. Civ. P. 55(a)).  In the first step, under Rule 55(a), the plaintiff must ask the clerk or the court to enter a default against the defendant.  *Davis v. Burbank Police Dep't*, No. 2:23-CV-05623-ODW-KES, 2023 WL 11814157, at *1 (C.D. Cal. Dec. 28, 2023).  If a default under Rule 55(a) is granted, then the plaintiff may proceed to the second step and ask the court to enter a default judgment under Rule 55(b)(2).  *Id.*  This Court's local rules likewise require entry of default before a motion for default judgment may be filed.  Local Rules W.D. Wash. LCR 55(b)(1) ("No motion for judgment by default should be filed against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered.").  Here, after Plaintiffs perfected service, they never moved the clerk to enter default.

Accordingly, the Court DENIES without prejudice Plaintiffs' amended motion for default judgment (Dkt. No. 24).  To the extent Plaintiffs wish to proceed with this action, they must request entry of default pursuant to LCR 55(a) by no later than December 27, 2024.  If default is entered, Plaintiffs may then re-note their motion for default judgment consistent with LCR 7.

Dated this 12th day of December, 2024.

Kymberly K. Evanson
United States District Judge